UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WOODROW H. LEVIN, | ) | |
| | ) | |
| Plaintiff, | ) | 21 C 2641 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| AT&T MOBILITY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Woodrow Levin alleges that his wireless cell service provider, AT&T Mobility, LLC, failed to protect his sensitive personal information and misrepresented the efficacy of certain account security measures in violation of federal and California law, causing him to lose some $1.2 million in cryptocurrency. Doc. 1. AT&T moves under Civil Rule 12(b)(6) to dismiss five state law claims: Count III (violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*), Count IV (violation of right to privacy in article I, § 1 of the California Constitution), Count IX (fraudulent concealment), Count X (fraudulent misrepresentation), and Count XI (violation of California's Customer Records Act, Cal. Civ. Code § 1798.81.5). Doc. 12. AT&T also moves under Rule 12(f) to strike Levin's prayer for punitive damages. *Ibid*.

AT&T acknowledges that keeping Counts III, IV, and XI in the case would not impact the permissible scope of discovery that Levin may take from AT&T. Doc. 29 at 2-3. Because AT&T's motion to dismiss those claims presents debatable questions of California law, and because no efficiencies would result from dismissal, AT&T's motion is denied without prejudice to its seeking summary judgment on those claims, on a full record.

1

The fraud claims in Counts IX and X are subject to the heightened pleading requirement of Civil Rule 9(b).  As to the fraudulent concealment count, AT&T observes that Levin's written customer agreement disclaimed any guarantee of security.  Doc. 13 at 18.  But Levin does not allege that AT&T failed to disclose the generic possibility that his data could be compromised; rather, he alleges that AT&T failed to disclose certain specific weaknesses and vulnerabilities in the security protocols it offered for his account.  Doc. 22 at 19 ("[T]hese boilerplate disclaimers say nothing about the *specific* information that the Complaint alleges was concealed: the 'rampant defects' in AT&T's security procedures; AT&T's 'inadequate, outdated security practices'; its 'failures in hiring, training, and supervising staff'; and the other known security deficiencies alleged in the Complaint.") (quoting Doc. 1 at ¶¶ 219, 221).  AT&T does not argue, let alone show, that the customer agreement disclosed those alleged vulnerabilities.

AT&T also protests that it had no duty to disclose those alleged vulnerabilities because it did not have exclusive knowledge of them.  Doc. 13 at 17-18 & n.6; Doc. 24 at 9-11.  Exclusive knowledge is but one way to show a duty to disclose under California law, as AT&T acknowledges.  Doc. 13 at 17 (citing *Grisham v. Philip Morris, Inc.*, 670 F. Supp. 2d 1014, 1043 (C.D. Cal. 2009)).  AT&T fails to respond to Levin's alternative theory that a duty to disclose arose from its partial disclosure.  Doc. 22 at 19 (citing Doc. 1 at ¶ 169).  Indeed, AT&T's reply brief notes that Levin advances a partial disclosure theory, Doc. 24 at 9, but then fails to address it, thereby forfeiting the point.  *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court.  That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.").

AT&T's reply brief argues for the first time that it had no duty to disclose because Levin could not have and did not invest in cryptocurrency until after opening his account, Doc. 24 at 9-10, and that, for the same reason, he could not have relied on any representations, *id*. at 11. AT&T forfeited those arguments for purposes of its Rule 12(b)(6) motion by raising them only in its reply brief. *See O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020) ("[W]e have repeatedly recognized that district courts are entitled to treat an argument raised for the first time in a reply brief as waived."); *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("[T]he district court is entitled to find that an argument raised for the first time in a reply brief is forfeited.").

As for the fraudulent misrepresentation count, Levin alleges both written and oral misrepresentations. Regarding the alleged written misrepresentations, AT&T argues that because Levin does not allege that he read or saw the relevant documents, he could not have relied upon any misrepresentations in them. Doc. 13 at 19. The complaint, however, alleges that Levin relied on statements made in those documents, Doc. 1 at ¶ 143, which supports a reasonable inference that he read them. *See Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) ("In construing the complaint, we accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor."). In any event, Levin's opposition brief indicates that he read the documents, Doc. 22 at 20 ("AT&T says there is no allegation Mr. Levin read or saw the documents that contained its written misrepresentations … the Complaint itself proves otherwise."), and the court must treat that assertion as true at this stage, *see Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (noting that a court "must consider additional facts set forth in [a plaintiff's] district court brief … so long as those facts are consistent with the pleadings") (internal quotation marks omitted).

Turning to the alleged oral misrepresentations, AT&T construes the claim as alleging that AT&T made a promise—to follow certain steps in its security protocol—that it had no intention to perform. Doc. 13 at 19; Doc. 24 at 11-12. But Levin is not claiming that AT&T fraudulently misrepresented its future intention to perform a promise; instead, he alleges that AT&T fraudulently misrepresented a fact: that certain security measures would adequately guard his account against a SIM swapping attack. Doc. 22 at 20 ("[T]he Complaint expressly alleges … that 'AT&T … knew at the time it recommended its "high-risk" security measures to Mr. Levin that these security measures were inadequate and could be overridden or ignored by its employees.'") (quoting Doc. 1 at ¶ 38); *see* Doc. 1 at ¶¶ 40, 141-142, 167 (alleging that AT&T made false representations that his account would be secure from SIM swapping). AT&T offers no response to that claim's substance, thereby forfeiting any ground for dismissing it.

AT&T's motion to strike the prayer for punitive damages is denied. Granting that motion would accomplish nothing because Levin may seek punitive damages at trial even without demanding them in his complaint. *See* Fed. R. Civ. P. 54(c) ("Every other final judgment [other than a default judgment] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."); *Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (holding that a jury can award punitive damages not sought in the complaint); *Soltys v. Costello*, 520 F.3d 737, 742 (7th Cir. 2008) ("[T]he fundamental legal error in this case may have been the parties' and the district court's shared assumption that a prayer for punitive damages had to appear in the complaint in order to sustain an award of such damages."); *see also Eldracher v. Honeywell, Inc.*, 2015 WL 3419167, at *2 (S.D. Ill. May 28, 2015) (denying a motion to strike in part because "it is immaterial whether [the plaintiff's] pleading seeks punitive damages"). AT&T of course may argue on summary judgment, or

4

5

before or at trial, that the evidence would not support a punitive damage award on Levin's claims. *See Gonzalez v. Pioneer Indus. Sys., LLC*, 2018 WL 1124419 (N.D. Ill. Mar. 1, 2018) (noting that "the Court reserves the right … to decline to instruct the jury on punitive damages if the evidence at trial could not support a punitive damages award").

January 18, 2022

_____
United States District Judge